The decision below is hereby signed.  Dated: April 20, 2006.

_S. Martin Teel Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                              )
                                   )
SAMUEL I. MILLS, JR.,              )    Case No. 06-00079
                                   )    (Chapter 13)
            Debtor.                )

DECISION REGARDING MOTION TO DISMISS WITH PREJUDICE

The chapter 13 trustee has filed a motion to dismiss the debtor's case pursuant to 11 U.S.C. § 109(h) due to the debtor's failure to obtain credit counseling of the kind described in § 109(h) on a date prior to the date on which the debtor filed his petition.[1]  The debtor opposes the trustee's motion and suggests in the alternative that the court strike the debtor's petition without dismissing his case if the court concludes that the debtor is ineligible for title 11 relief under § 109.  For the reasons that follow, the court must dismiss the debtor's case

---

[1] The trustee's motion also requested dismissal with prejudice pursuant to 11 U.S.C. § 109(g) due to the debtor's failure to disclose three previous bankruptcy cases filed by the debtor over the past four years.  The trustee appears to have withdrawn this request in her reply memorandum in support of dismissal (D.E. No. 23, filed April 18, 2006).

pursuant to § 109(h).

I

Section 109(h) provides in pertinent part that

> an individual may not be a debtor under this title unless such individual has, <u>during the 180-day period preceding the date of the filing of the petition by such individual</u>, received from an approved nonprofit budget and credit counseling agency . . . an individual or group briefing . . . that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

11 U.S.C. § 109(h)(1) (emphasis added).

As the court explained in an unpublished order in another case:

> Section 109(h) does not simply require that the debtor obtain credit counseling before she files her bankruptcy petition. Instead, it specifies that credit counseling must be obtained prior to "the <u>date</u> of the filing of the petition." 11 U.S.C. § 109(h)(1) (emphasis added).
>
> "It is settled that when a statute requires an act to be done within a specified number of days prior to a fixed date, the last day, namely, the fixed date, is to be excluded . . . in making the calculation." <u>State v. Zaller</u>, 50 N.E.2d 991, 991-92 (Ohio 1943); <u>accord</u> <u>Stein Supply & Supply Co. v. Tate</u>, 95 S.E.2d 437, 438-39 (Ga. Ct. App. 1956); <u>Baugh v. Rural High School Dist. No. 5</u>, 340 P.2d 891, 898 (Kan. 1959); <u>Murchison v. Darden</u>, 171 S.W.2d 220, 221 (Tex. Ct. App. 1943). Accordingly, the latest that the debtor could have obtained credit counseling under § 109(h) was [. . .]the date prior to her petition date. As the certificate of credit counseling is dated [the same date

2

        that the petition was filed], the court must
        dismiss the debtor's case pursuant to
        § 109(h).

In re Mitchell, Case No. 06-00026, order at 2 (Bankr. D.D.C. February 17, 2006).

    Since the court entered its unpublished order in Mitchell, at least one court has issued a published decision contradicting directly the rationale set forth above.  In In re Warren, 2006 WL 701144 (Bankr. E.D. Ark. March 20, 2006), the bankruptcy court concluded that credit counseling received on the same day that the debtor filed his petition satisfied the timing requirement of § 109(h) by "interpret[ing] the words 'date of filing' as used in [§] 109(h)(1) to mean the specific day, month, year, and time of day the petition was filed."  Id. at *4.  The Warren court cited to state court precedent and the legislative history of § 109(h) in support of its position.  Id. at **4-5.

    This court respectfully disagrees with the ruling of the court in In re Warren.  First, the primary case relied upon by the Warren court in support of its holding, Anderson v. State Personnel Bd., 162 Cal. Rptr. 865 (Cal. Ct. App. 1980), contradicts rather than supports the conclusion in In re Warren. In Anderson, the California Court of Appeal considered the firing of a state employee pursuant to a notice mailed to her after the close of business on March 15, 1977, which indicated that the firing was "effective at the close of business on March 15,

3

1977." The employee contended that the notice failed to comply with a statutory requirement that notice of termination be sent "on or prior to the effective date specified" because the notice was sent after the time--the close of business--on March 15, 1977, specified by the notice as the effective time of the termination of her employment on that day. Id. at 867-68. The employee argued that "'date' and 'day' are not synonymous and that 'date' refers to the particular time of a transaction rather than the calendar day on which it occurs." Id. at 867.

The Anderson court explicitly rejected the employee's proposed distinction between the terms "date" and "day," concluding instead that "[t]he word 'date' in its common and accepted statutory meaning refers simply to the day, month and year." Id. at 868.[2] The court distinguished this "statutory meaning" from the meaning of the term in business contracts, where "transactions require adherence to an exact time schedule and application of a time limitation to the term 'date' . . . ." Id. at 868. In other words, where a contract specifies a time within a day as the "date" for performance of certain aspects of a contract and then refers to that "date" elsewhere in the contract, the reference should be read as encompassing the time

---

[2] See also Connors v. B & H Trucking Co., Inc., 871 F.2d 132, 135 (D.C. Cir. 1989) (observing that the "common usage is that the date on which something happens is the day on which it happens" in construing statute which referred to the "date" of cessation of operations).

4

limitation as well.  Id.

    The Warren court misreads severely the opinion in Anderson to conclude that because a time limitation within a calendar day can be inferred where "'impairment of property or other interests would occur if absolute adherence to the time specification was not achieved,'" In re Warren, 2006 WL at *4 (quoting Anderson, 162 Cal. Rptr. at 868), the time limitation in § 109(h) can be extended outside the calendar date set forth in that statute because "[i]n bankruptcy, the exact time of filing is a critical bright line in determining property rights of debtors and creditors."  Id.  Nothing in Anderson supports this interpretation of the statutory text, and nothing in Anderson contradicts the case law cited by this court in In re Mitchell.

    Second, this court sees nothing in the legislative history of § 109(h) to support the conclusions drawn by the Warren court. The excerpt of the House Report quoted in In re Warren states that a debtor must "receive credit counseling within the 180-day period preceding the filing of the bankruptcy case."  H.R. Rep. No. 109-31, at 54 (2005).  Elsewhere, the report states that

> [t]he legislation's credit counseling
> provisions are intended to give consumers in
> financial distress an opportunity to learn
> about the consequences of bankruptcy--such as
> the potentially devastating effect it can
> have on their credit rating--before they
> decide to file for bankruptcy relief.

Id. at 18.  These excerpts do not suggest a position one way or

5

the other with respect to the language of timing contained within § 109(h).

"Congress 'says in a statute what it means and means in a statute what it says there . . . .'" <u>Hartford Underwriters Ins. Co. v. Union Planters Bank (In re Hen House Interstate, Inc.)</u>, 530 U.S. 1, 6 (2000) (quoting <u>Conn. Nat'l Bank v. Germain</u>, 503 U.S. 249, 254 (1992)).  The court is obliged to apply § 109(h) as it was written by Congress, not as Congress theoretically could have intended for it to have been written.  And it certainly cannot ignore the plain meaning of the statutory text based on the <u>absence</u> of legislative history supporting that plain meaning.  Congress does not need to repeat in a House Report what it has already said in the statute itself.

For all these reasons, the court concludes that its holding in <u>In re Mitchell</u> was the correct one.  A person must obtain credit counseling of the kind described in § 109(h) on a date prior to the petition date to be eligible for relief under title 11.  As the debtor in this case obtained credit counseling on the same date that she filed her petition, she is ineligible for such relief.

II

The debtor requests in the alternative that the court "strike" the debtor's case as void <u>ab</u> <u>initio</u> rather than dismiss it outright.  A number of courts have adopted this approach,

reasoning that a petition filed by a person ineligible to be a debtor does not "commence[]" a case for purposes of 11 U.S.C. § 301(a).  See, e.g., In re Valdez, 335 B.R. 801, 803-04 (Bankr. S.D. Fla. 2005); In re Rios, 336 B.R. 177, 179-80 (Bankr. S.D.N.Y. 2005); In re Hubbard, 333 B.R. 377, 388 (Bankr. S.D. Tex. 2005).  Other courts have rejected this approach.  See, e.g., In re Seaman, 2006 WL 988271, **9-11 (March 30, 2006); In re Taylor, Case No. 05-35381DM, slip op. at 3-4 (Bankr. N.D. Cal. March 9, 2006); In re Tomco, 339 B.R. 145, 157-61 (Bankr. W.D. Pa. 2006); In re Ross, 338 B.R. 134, 135-36 (Bankr. N.D. Ga. 2006).

In a recent decision entered in yet another case before this court involving § 109(h), the court concluded that § 109(h) imposes a jurisdictional prerequisite as well as a condition of debtor eligibility because debtor eligibility is a prerequisite to this court's jurisdiction under a plain reading of 28 U.S.C. §§ 1334 and 157 and 11 U.S.C. § 301(a).  In re Hawkins, Case No. 06-00057, slip op. at 2-10 (Bankr. D.D.C. April 20, 2006).  The court also noted that § 362(b)(21)(A) of the Bankruptcy Code, which provides that the automatic stay does not arise with respect to an act to enforce a lien against or a security interest in real property "if the debtor is ineligible under [§] 109(g) to be a debtor in a case under this title," would be rendered superfluous if a case commenced in error were considered

void ab initio.  Id. at 5.

The court reconciled this apparent inconsistency between the plain language of the Bankruptcy Code's jurisdictional provisions and § 362(b)(21)(A) by recognizing that a case commenced improperly by a person ineligible to be a debtor created a case for the limited purpose of determining whether the court lacked subject matter jurisdiction over the case.  Id. at 9-10.  During the pendency of that determination, the automatic stay would be in effect unless the § 362(b)(21)(A) exception applied.  Once the court determined that it lacked subject matter jurisdiction, it would dismiss the case, thereby terminating the automatic stay. Id.

The court's exegesis of the Bankruptcy Code's automatic stay provisions in Hawkins was not essential to its ruling, but it is central to this case.  If the court were to "strike" the debtor's case as void ab initio, it would make § 362(b)(21)(A) unnecessary because the automatic stay would never arise in a case commenced (however improperly) by a person ineligible to be a debtor. Because this court has a "duty 'to give effect, if possible, to every clause and word of a statute,'" Duncan v. Walker, 533 U.S. 167, 174 (2001) (quoting United States v. Menasche, 348 U.S. 528, 538-539 (1955)) (further citation omitted), it must reject this approach and dismiss the debtor's case outright.

An order follows.

[Signed and dated above.]

Copies to: Debtor; counsel for the debtor; chapter 13 trustee;
Office of the U.S. Trustee